BIGELOW-SANFORD CARPET CO., INC.
AND JOSEPH M. TONE, ADM'R
*vs.*
WILLIAM T. MORRISON

Superior Court          Hartford County          File No. 60477

MEMORANDUM FILED JANUARY 2, 1940.

*William H. Leete,* of Hartford; *Francis A. Pallotti,* Attorney General, and *Harry Silverstone,* Assistant Attorney General, for the Plaintiffs.

*Saltman & Weiss,* of Bridgeport, for the Defendant.

COMLEY, J. If the denial of this appeal involved approval of the proposition that there is any basis in the record for an inference that the appellant would have been unemployed until May 21st if there had been no strike, I would hesitate so to decide.

The application of the rule that "evidence of the existence of a state of facts previous and subsequent to an event is relevant in determining the existence of the facts during the occurrence of the event" might show an average of employment over a sufficiently extended period, but it does not tend to prove that his unemployment would, under different circumstances, have begun and ended on a particular date.

Undoubtedly, the practical administration of this act must, in many instances, be satisfied with an approximation, but I am of the opinion that the Legislature, with a definite public policy in mind, did not intend, in the case of a strike, to leave the question of unemployment to mere speculation.

If the act required the commissioner to find when the appellant's unemployment would have ended, but for the strike in which he was partcipating and which by his membership he helped to make effective, it would seem to me that the proof of all the complicated data entering into the problem of whether a man shall be employed or not would be necessary.

It is quite apparent that the Legislature intended that unemployment insurance should not be used to help the members of the union finance their strike and that the stoppage of work by a strike, to the extent to which it effectively bars employment to the striker, even if there might have been no work for him had he not assumed the role of striker, precludes him from claiming unemployment compensation.

The award is confirmed.